UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **K4K HOLDINGS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-5717** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc 5). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff K4K Holdings, LLC brought this action in the 24th Judicial District Court for the Parish of Jefferson against its property insurer Defendant Certain Underwriters at Lloyd's, London for damages sustained by its property as a result of Hurricane Ida. Defendant removed the action to this Court on the basis of diversity jurisdiction. Plaintiff now moves to remand the matter back to state court, arguing that Defendant has not established the

1

requisite amount in controversy or diversity of citizenship. Defendant has not opposed this Motion.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[4] Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy exceeding $75,000.[5] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[6] In its Notice of Removal, Defendant alleged in support of diversity of citizenship that Plaintiff is a citizen of Louisiana and that "[w]ith respect to Underwriters, none of the syndicates subscribing to Policy No. JTA250850 are, or are comprised of,

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[3] *Manguno*, 276 F.3d at 723.
[4] *See* 28 U.S.C. § 1332.
[5] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[6] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

Louisiana residents. Thus, Underwriters are not citizens of Louisiana for purposes of diversity jurisdiction."[7] Plaintiff correctly points out that such an allegation is insufficient to establish citizenship. "[T]he party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties."[8]

Defendant Certain Underwriters at Lloyd's, London "creates a jurisdictional conundrum for federal courts sitting in diversity."[9] That is because "Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's."[10] Federal courts have employed two different approaches to determine the citizenship of Lloyd's of London. Most courts have held that Lloyd's of London is a citizen of each jurisdiction in which the individual members are citizens.[11] The Sixth Circuit holds a minority position that Lloyd's of London is only a citizen of the state in which the lead underwriter is a citizen.[12] The Fifth Circuit has not explicitly

---

[7] Doc. 1.

[8] Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that an allegation that defendant was not a citizen of a particular state did not establish citizenship for diversity purposes).

[9] La. Rest. Ass'n, Inc. v. Certain Underwriters at Lloyds, London, 573 F. Supp. 3d 1054, 1058 (E.D. La. 2021).

[10] Corfield v. Dall. Glen Hills LP, 355 F.3d 853, 857–59 (5th Cir. 2003).

[11] *La. Restaurant Ass'n., Inc.*, 573 F. Supp. 3d at 1060 (citing Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1081 (11th Cir. 2010); E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930, 936–37 (2d Cir. 1998); Ind. Gas Co. v. Home Ins. Co., 141 F.3d 314, 317 (7th Cir. 1998)).

[12] Certain Interested Underwriters at Lloyd's London, England v. Layne, 26 F.3d 39, 42–44 (6th Cir. 1994).

adopted either approach, though other sections of this Court have adopted the majority view that Lloyd's of London is a citizen of all jurisdictions in which its individual investors are citizens.[13] This Court agrees and finds that each syndicate is relevant to determining Lloyd's of London's citizenship.[14]

Here, Defendant has failed to allege distinctly and affirmatively the citizenship of each member investor to the policy at issue in this matter. Defendant has also failed to oppose this Motion. Accordingly, this Court cannot determine whether diversity of citizenship is present here, and Defendant has failed to carry its burden to show that federal jurisdiction exists.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and this matter is **REMANDED**.

New Orleans, Louisiana this 30th day of November, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Johnson v. Certain Underwriters at Lloyd's London, 2009 WL 3232006, at *3 (E.D. La. Oct. 2, 2009); *La. Restaurant Ass'n., Inc.*, 573 F. Supp. 3d at 1058.

[14] *See* AJ's Shoes Outlet, LLC v. Indep. Specialty Ins. Co., No. CV 22-1148, 2023 WL 358779, at *5 (E.D. La. Jan. 23, 2023).